OPINION OF THE COURT
Arthur E. Blyn, J.
This article 78 proceeding seeks judgment to (a) annul the determination of respondent board of trustees (Trustees), which denied petitioner’s application for an accidental disability retirement pension; (b) direct that respondent Trustees grant petitioner an accidental disability pension, together with all past pension benefits from the date of denial; and (c) enjoin respondent Trustees from changing, modifying or amending the statutory provisions of section B18-43.0 of the Administrative Code of the City of New York without proper legislative authority.
Petitioner was appointed a New York City police officer on June 7,1968. While on duty on October 10,1980 he was *764 descending the front stairwell in the precinct building, when he slipped and fell down five or six stairs, injuring his left knee. On December 29, 1980 petitioner filed an application for accidental disability retirement, pursuant to section B18-43.0 of the Administrative Code of the City of New York. On March 15,1981, the Medical Board of the Police Pension Fund examined petitioner, and determined that he was disabled due to the knee injury and unanimously recommended that he be granted accidental disability status. On September 15, 1981, the Trustees, in reviewing the application, as a result of a deadlocked vote (6 to 6), only granted petitioner ordinary disability retirement, ruling that the injury was not accidental, as there had been no intervention of an external fortuitous event, proximately causing or contributing to the injury.
The Administrative Code states: “§ B18-43.0 Retirement; for accident disability. — Medical examination of a member in city-service for accident disability and investigation of all statements and certificates by him or on his behalf in connection therewith shall be made upon the application of the commissioner, or upon the application of a member or of a person acting in his behalf, stating that such member is physically or mentally incapacitated for the performance of city-service, as a natural and proximate result of such city-service, and certifying the time, place and conditions of such city-service performed by such member resulting in such alleged disability and that such disability was not the result of wilful negligence on the part of such member and that such member should, therefore, be retired. If such medical examination and investigation shows that such member is physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service while a member, and that such disability was not the result of wilful negligence on the part of such member and that such member should be retired, the medical board shall so certify to the board, stating the time, place and conditions of such city-service performed by such member resulting in such disability, and such board shall retire such member for accident disability forthwith.”
*765 There was no dispute before the Trustees that petitioner is incapacitated from the performance of his duties, nor is there a dispute that he was injured while on duty and in the line of duty. The Trustees’ determination was based solely upon the determination that the injury was not accidental.
On September 5, 1980, a Trustees’ resolution (R-96) was adopted directing the board to apply the following definition in accident disability application: “resolved, that an injury sustained by a City employee while performing his or her regular and usual duties or work activities, without the intervention of an external, unexpected and unusual fortuitous event proximately causing the injury is not an Accident nor an Accidental Injury within the meaning of the pension statutes”.
The pertinent pension statute, section B18-43.0 of the Administrative Code, provides that accidental disability retirement may be awarded if physical incapacity is the “natural and proximate result of such city-service” and “the medical board shall so certify to the board [of trustees]”.
The chief significance of the definition in the R-96 resolution is the addition of the word “external”. Respondents claim that this language was inspired by an opinion of Mr. Justice Stecher who found that an injury incurred in the opening of a file cabinet, while performing regular and usual duties without the intervention of an “external fortuitous event”, was not an accident within the meaning of the police pension statutes. (Matter of Vouseden v McGuire, Index No. 8635/80, Supreme Ct, NY County, July 8,1980.)
Petitioner argues that the Trustees’ “new” definition of the term “accident” is an impermissible unconstitutional narrowing of the pension statute.
The issue is one of interpretation Of the language of section B18-43.0 of the Administrative Code which serves as the basis for the claimed pension benefit. The language of section B 18-43.0 granting certain rights to persons accepting employment by the City of New York must be construed in its normal meaning and not tortured into something other than what is plainly stated. The language *766 of section B18-43.0 nowhere mentions as a predicate for the phrase, “as a natural and proximate result of such city-service”, proof of a specific external event or extrinsic force or external fortuitous event, to use the language employed by the respondent Trustees.
The court in Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept, of City of N. Y., Art II (Supreme Ct, NY County, Freedman, J., affd 85 AD2d 930), dealt with a situation very much like that in the within proceeding. In Lichtenstein, the police officer sustained his injury while leaning over the hood of an automobile to place a summons on its windshield. In that case the medical board also recommended accidental disability retirement pension. In spite of that recommendation the board of trustees also by a tie vote of 6 to 6 denied such retirement status using the standard adopted in Resolution No. R-96 as a basis for such denial.
This court concludes that the Appellate Division, First Department, has rejected the respondent’s requirement of a showing of a specific external event as the proximate cause of the injury and thus rejected R-96 as the standard for such determination.
This court is of the opinion that the promulgation of R-96 was without authority inasmuch as its intended effect was to change the clear language of section B18-43.0 of the Administrative Code. The Administrative Code of the City of New York can only be amended by appropriate legislative action and not by an administrative rule.
The respondents further contend that in the event the court has concluded that petitioner has demonstrated grounds for relief that such relief should be limited to a remand to the Trustees and the medical board for further fact finding and another determination on the issue of causation.
The court in Lichtenstein (supra), in annulling the determination by the Trustees, directed that petitioner be retired on accident disability pension. The Appellate Division, First Department, in Lichtenstein (supra) affirmed Judge Freedman’s decision. Further the Appellate Division, First Department, on April 28, 1981 in Matter of *767 Dresner v McGuire (81 AD2d 554), affirmed a decision of Justice Cahn which directed an award of accident disability retroactive to the date of retirement on ordinary disability, citing De Milia v McGuire (76 AD2d 1039).
The Trustees, in failing to rely on the unanimous findings and report of its medical board acted capriciously and unreasonably and acted in an arbitrary manner in relying upon a standard that has no statutory basis and in fact in a manner which flew in the face of the clear language of section B18-43.0, which gave the Trustees its authority to act on petitioner’s application.
Therefore the determination of the Trustees is annulled and respondent is directed to retire petitioner on accident disability retirement retroactive to the date of retirement on ordinary disability.